IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALN SYSTEMS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. _____ |
| | § | |
| MOVING IS FREE, INC. D/B/A | § | |
| FREE MOVE TEXAS AND BOBBIE | § | |
| EARL CULBERSON, JR. | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now, Plaintiff ALN SYSTEMS, INC. ("ALN" or "Plaintiff"), and files this Original Complaint against Defendants Moving is Free, Inc. d/b/a Free Move Texas ("FMT") and Bobbie Earl Culberson, Jr. ("Culberson") (collectively "Defendants") and for its claims against Defendants, ALN shows the Court as follows:

### I.
### INTRODUCTION

1. This is an action for breach of contract, copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA"), and unjust enrichment against all of the Defendants. The claims arise from Defendants' unauthorized use of proprietary information and copyrighted images provided by the ALN Locator Program (the "System").

2. The System was developed by ALN over many years and licensed to Subscribers such as Defendants pursuant to a Subscriber Agreement for the ALN Locator Program ("Subscriber Agreement") a true and correct copy of which is attached hereto as Exhibit A. The System provides valuable information about residential apartment complexes that is typically used by Subscribers for residential leasing purposes.

3. Under the Copyright Act, Plaintiff is entitled to injunctive relief for artistic works that are not registered with the Copyright Office. For registered works, Plaintiff is entitled to damages and injunctive relief.

4. The System contains images that are works of art owned by Plaintiff ("Protected Work"). Plaintiff has registered at least one of the images with the United States Copyright Office.

5. In this action, Plaintiff seeks monetary damages, injunctive relief and an impoundment order to reclaim all unauthorized copies of the Protected Work including, without limitation, all print copies and electronic copies of the Protected Work as well as electronic adaptations and/or use of the Protected Work on Defendants' website.

6. As part of the Subscriber Agreement, Defendants acknowledged that the data, information and materials provided through the System are copyright protected and agreed that its proprietary information and copyrighted images were not to be used in any fashion on a website or copied into any database. Plaintiff gave Defendants limited rights to use the proprietary information and copyrighted images to access the System for their individual use.

7. Without permission from Plaintiff, Defendants copied the information from the System and provided it on the FMT website in direct violation of the Subscriber Agreement. The information illegally copied by Defendants includes numerous photographs owned by Plaintiff and copyrighted pursuant to the Copyright Act.

8. Attached as Exhibit B is list of the web address of each infringing image on FMT's website and the webpage upon which the image is displayed. Attached as Exhibit C are representative examples of the infringing images on FMT's website. The photographs in Exhibits B and C are all copyrighted works of art. FMT has no permission to use them.

## II.
## PARTIES

9. Plaintiff ALN is a corporation that is incorporated under the laws of the State of Texas with its principal place of business in Carrollton, Texas.

10. Defendant FMT is a corporation that is incorporated under the laws of the State of Texas. FMT has its principal place of business in the State of Texas. Service of process on FMT may be made according to the laws of the State of Texas by serving FMT's registered agent, Bobbie Culberson, at 18352 Dallas Parkway, Suite 136-488, Dallas, Texas, 75287 or wherever he may be found.

11. Defendant Culberson is an individual and a citizen of the State of Texas. Service of process on Culberson may be made according to the laws of the State of Texas by serving Mr. Culberson at 18900 N. Dallas Parkway, Suite 108, Dallas, Texas, 75287 or wherever he may be found.

## III.
## JURISDICTION AND VENUE

12. This is a copyright infringement action presented to the Court for decision under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the DMCA, 17 U.S.C. §§ 1201 *et seq.*

13. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper under 28 U.S.C. §§ 1391 and 1400(a).

15. The Court has personal jurisdiction over Defendants because Defendants reside in this district and conduct and solicit business in this district. A substantial part of the events giving rise to the claims occurred in this district, including acts of copyright infringement. The Court, therefore, has personal jurisdiction over each Defendant.

## IV.
### CONDITIONS PRECEDENT

16. All conditions precedent have been performed or have occurred.

## V.
### COPYRIGHT REGISTRATION

17. The photograph in Exhibit C, Figures C.1-C.3 is registered with the United States Copyright Office pursuant to the Copyright Act. Plaintiff owns the registration and is the author of the artistic work.

### COUNT ONE: COPYRIGHT INFRINGEMENT

18. Plaintiff incorporates all preceding paragraphs by reference.

19. Defendants have used, copied, made derivative works of, sold and/or otherwise distributed unauthorized copies of Plaintiff's Protected Work in violation of 17 U.S.C. § 501 *et seq*.

20. Exhibit C contains representative examples of the infringing images on FMT's website. Figures C.1, C.4, C.7, C.10, and C.13 show the original image saved on FMT's web server. Plaintiff's distinctive watermark is visible in the upper-left and lower-right hand corners of each image. Figures C.2, C.5, C.8, C.11, and C.14 show Plaintiff's original works as modified by Defendants to remove Plaintiff's distinctive watermark. Figures C.3, C.6, C.9, C.12, and C.15 show the illegally modified copies of Plaintiff's original work being used by Defendants on the FMT website. The pattern of infringement illustrated in Exhibit C is continued throughout the FMT website. Exhibit B documents the known instances of illegally copied work and the FMT web pages where said work is being displayed.

21. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an injunction against Defendants preventing further infringement of the Protected Work.

22. Pursuant to 17 U.S.C. § 503(a), Plaintiff is entitled to an order against Defendants impounding and destroying all unauthorized copies of the Protected Work and all devices, including computer equipment, that include copies of the Protected Work.

23. Plaintiff is entitled to a final judgment requiring seizure and forfeiture of all infringing articles pursuant to 17 U.S.C. § 503(b).

24. Plaintiff is entitled to damages and profits through 17 U.S.C. § 504 including, without limitation, statutory damages, Defendants' profits, its lost profits and/or a reasonable royalty.

25. Plaintiff is entitled to costs and attorneys' fees pursuant to 17 U.S.C. § 505.

26. Plaintiff is entitled to all other relief available under the copyright statute and common law for copyright infringement, including enhanced damages.

**COUNT TWO: DIGITAL MILLENIUM COPYRIGHT ACT ("DMCA")**

27. Plaintiff incorporates all preceding paragraphs by reference.

28. Defendants circumvented a technological measure that effectively controls access to a protected work in violation of 17 U.S.C.A. § 1201 *et seq*. Defendants avoided, bypassed, removed, deactivated, or otherwise impaired the security software employed by Plaintiff to control access to its Protected Work by making unauthorized use of a user login and password to gain access to the Protected Work in violation of the Subscriber Agreement.

29. Pursuant to 17 U.S.C.A. § 1203, Plaintiff is entitled to an injunction against Defendants to prevent further violations.

30. Pursuant to 17 U.S.C.A. § 1203, Plaintiff is entitled to an order against Defendants impounding any device or product that is in the custody or control of the Defendants that was involved in a violation.

31. Plaintiff is entitled to damages, costs and attorney's fees pursuant to 17 U.S.C.A. § 1203 including, actual damages or statutory damages of not less than $200 or more than $2,500 per act of circumvention.

### COUNT THREE: BREACH OF SUBSCRIBER AGREEMENT

32. Plaintiff incorporates all preceding paragraphs by reference.

33. ALN licensed the System to FMT pursuant to the terms and conditions of the Subscriber Agreement attached as Exhibit A. The Subscriber Agreement specifies that:

> All data, information and materials provided through the System is copyrighted and is provided to the Subscriber for their individual use only as a licensed real estate professional and in no case shall be used in any manner that would be deemed competitive to ALN. All resale, redistribution or other forms of dissemination is strictly forbidden. **Without prior written permission from ALN, no information gathered from ALN may be used in any fashion on a web site nor may it be copied into any database.** No portion may be reproduced in any manner except for the Subscriber's use as described above.

34. FMT breached the Subscriber Agreement by copying information and images from the System without authorization. Attached as Exhibit D1 are the web addresses of the images on FMT's website that were copied from the System in violation of the Subscriber Agreement and the webpage upon which the image is displayed. Attached as Exhibit D2 are the web addresses of all the images on FMT's web server that were copied from the System in violation of the Subscriber Agreement.

35. As a result of FMT's breach of the Subscriber Agreement, ALN has suffered actual, incidental, and consequential damages in amounts yet to be determined.

### COUNT FOUR: UNJUST ENRICHMENT

36. Plaintiff incorporates all preceding paragraphs by reference.

37. In the alternative, as a result of Defendants' unauthorized use of Plaintiff's proprietary information and copyrighted images without compensation, Defendants have been

unjustly enriched. Defendants obtained a benefit from Plaintiff by fraud, duress and the taking of an undue advantage. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proved at trial.

## VI.
### JURY DEMAND

38. Plaintiff demands trial by jury for all claims so triable.

## VII.
### PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

A. Enjoining Defendants from further infringement of the Protected Work pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 1203.

B. Impounding all copies of the Protected Work in Defendants' possession including, without limitation, the impounding of all computers, servers and/or network backup media that include the Protected Work at any time or were used to violate the DMCA pursuant to 17 U.S.C. § 503 and 17 U.S.C. § 1203, respectively.

C. Requiring that Defendants pay damages and/or profits pursuant to 17 U.S.C.§ 504 and 17 U.S.C. § 1203.

D. Seizing and requiring forfeiture of all infringing articles pursuant to 17 U.S.C. § 509 and 17 U.S.C. § 1203.

E. Requiring that Defendants pay all of Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203, and/or any other applicable rule, statute or case law.

F. All general damages.

  G. Special damages arising from Defendants' conduct including, but not limited to, lost profits, loss of good will, reliance damages, and incidental damages.

  H. Defendants' profits arising from their tortious acts.

  I. Costs.

  J. Pre-judgment interest.

  K. Post-judgment interest.

  L. That a permanent injunction be ordered upon final trial of this cause as described above.

  M. Such other relief to which Plaintiff may be entitled.

Respectfully Submitted,

By: _____
STEPHEN A. KENNEDY
Texas State Bar No. 11300425
ZAC DUFFY
Texas State Bar No. 24059697

**KENNEDY CLARK & WILLIAMS, PC**
1700 Pacific Ave., Suite 1280
Dallas, Texas 75201
Tel.: (214) 979-1122
Fax: (214) 979-1123
Attorneys for Plaintiff
ALN Systems, Inc.